Nicole Bearce Albano (NBA 5141)
**LOWENSTEIN SANDLER PC**
Attorneys At Law
65 Livingston Avenue
Roseland, New Jersey  07068
973.597.2500
Attorneys for Defendants
   Fairleigh Dickinson University and
   Dr. Robert McGrath

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAYAL MEHTA,<br><br>              Plaintiff,<br><br>-v-<br><br>FAIRLEIGH DICKINSON UNIVERSITY and DR. ROBERT MCGRATH,<br><br>              Defendant. | Civil Action No. 09-0455 (SDW)(MCA)<br><br>**Document Electronically Filed**<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Fairleigh Dickinson University ("FDU") and Dr. Robert McGrath ("Dr. McGrath") (collectively "Defendants"), through their undersigned counsel, as and for its Amended Answer to the Complaint and Jury Demand filed by Plaintiff Payal Mehta ("Mehta" or "Plaintiff") on November 5, 2008 (the "Complaint"), hereby states as follows:

1. Admitted.

2. Admitted.

3. Defendants deny the allegations in paragraph 3 of the Complaint, except that they admit that on August 27, 2008, the faculty of the Ph.D. program reached a consensus to place Plaintiff on a reduced load for the 2008-09 academic year based on a violation of program policies.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, deny those allegations, except that they admit that Plaintiff is a female.

5. Defendants deny all allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint, except that they admit that Plaintiff was given a remediation for her violations of the program's policies.

7. Defendants deny all allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except that they admit that Dr. McGrath, on behalf of the faculty of the Ph.D. program, informed Plaintiff on August 27, 2008, that she would be placed on a reduced load for the 2008-09 academic year.

9. Defendants deny all allegations in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff's externship was cancelled by Dr. McGrath as a result of Plaintiff being placed on a reduced load.  Defendants further admit that Dr. McGrath contacted the facility at which the externship was scheduled.  Except as admitted, Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny those allegations, except that they admit that Plaintiff chose to terminate her matriculation in the Ph.D. program and opt for a Master's degree.

## COUNT ONE
### New Jersey Law Against Discrimination ("NJLAD")

12. Defendants incorporate and re-allege the answers to paragraphs 1 through 11 as if fully set forth herein.

13. Defendants deny all allegations in paragraph 13 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.  To the extent a further response is necessary, NJLAD is a state statute that speaks for itself.

14. Defendants deny all allegations in paragraph 14 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

15. Defendants deny all allegations in paragraph 15 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

## COUNT TWO
### Breach of Contract

16. Defendants incorporate and re-allege the answers to paragraphs 1 through 15 as if fully set forth herein.

17. Defendants deny all allegations in paragraph 17 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

18. Defendants deny all allegations in paragraph 18 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

19. Defendants deny all allegations in paragraph 19 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

## COUNT THREE
### Defamation

20. Defendants incorporate and re-allege the answers to paragraphs 1 through 19 as if fully set forth herein.

21. Defendants deny all allegations in paragraph 21 of the Complaint.

22. Defendants deny all allegations in paragraph 22 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

## COUNT FOUR
## 20 U.S.C. § 1681

23. Defendants incorporate and re-allege the answers to paragraphs 1 through 22 as if fully set forth herein.

24. Defendants deny all allegations in paragraph 24 of the Complaint.

25. Defendants deny all allegations in paragraph 25 of the Complaint.

26. Defendants deny all allegations in paragraph 26 of the Complaint.

27. Defendants deny all allegations in paragraph 27 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

## COUNT FIVE
### Negligence

28. Defendants incorporate and re-allege the answers to paragraphs 1 through 27 as if fully set forth herein.

29. Defendants deny all allegations in paragraph 29 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

30. Defendants deny all allegations in paragraph 30 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

31. Defendants deny all allegations in paragraph 31 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

## COUNT SIX
### Infliction of Emotional Distress

32. Defendants incorporate and re-allege the answers to paragraphs 1 through 31 as if fully set forth herein.

33. Defendants deny all allegations in paragraph 33 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

34. Defendants deny all allegations in paragraph 34 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

35. Defendants deny all allegations in paragraph 35 of the Complaint, except to the extent the allegations allege a legal conclusion, and therefore no response is necessary.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendants allege as follows:

### First Affirmative Defense

The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint fails to plead the defamation claim with the particularity required by law.

### Third Affirmative Defense

The Complaint is barred by the doctrine of Charitable Immunity.

### Fourth Affirmative Defense

The alleged defamatory statements are not actionable because they are protected by absolute and qualified privileges.

### Fifth Affirmative Defense

The alleged defamatory statements are not actionable because they either were true or made in good faith.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and other inequitable conduct.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any (none being admitted), as required by law.

### Eighth Affirmative Defense

Plaintiff's damages, if any (none being admitted), result from Plaintiff's actions and/or inactions.

**WHEREFORE**, Defendants FDU and Dr. McGrath request that an order be entered dismissing the Complaint by Plaintiff with prejudice.

**LOWENSTEIN SANDLER PC**
Attorneys for Defendants,
Fairleigh Dickinson University and
Dr. Robert McGrath

Dated: February 24, 2009              By: /s/ Nicole Bearce Albano
                                                  Nicole Bearce Albano, Esq.