**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAYAL MEHTA<br><br>                    Plaintiff,<br><br>vs.<br><br>FAIRLEIGH DICKINSON UNIVERSITY and<br>DR. ROBERT MCGRATH,<br><br>                    Defendants. | CIVIL ACTION NO.: 09-455 (SDW) |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL**
**INFORMATION**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, and with the consent of the parties:

It is, on this _27_ day of January, 2010, **ORDERED**:

**Highly Confidential Information**

1.     For purposes of this Order, materials considered to be "Highly Confidential" and which therefore may be designated as "Highly Confidential" pursuant to L. Civ. R. 5.3, includes confidential medical information and patient medical files maintained and held by the Center for Psychological Services ("Center") at Fairleigh Dickinson University ("FDU"), which includes the Adult ADHD & Learning Disabilities Clinic (the "Clinic").

2.     The Center for Psychological Services is a University-based facility which includes student providers as part of FDU's clinical program.

3.     The Center is both a medical facility as well as an academic institution in which students are or have been supervised by licensed psychologists and render medical services to patients. The resulting medical files are also part of the academic record for students involved

in the clinical program at FDU, which also must be considered "Highly Confidential."

### Scope of the Order

4. This Order shall apply to all documents that contain Highly Confidential information, the information contained therein, and all other Highly Confidential information produced or disclosed during this action whether revealed in a document, deposition, or other testimony, discovery response or otherwise, by a party in this action to any other party.

5. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

### Designation and Treatment of Highly Confidential – Restricted Information

6. "Highly Confidential-Restricted Information" as used herein means any information that constitutes, reflects, discloses or contains information subject to protection under the Federal Rules of Civil Procedure or other applicable law, and that contain highly sensitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm to FDU, specifically the Center. In designating discovery materials as "Highly Confidential-Restricted Information," the parties shall do so in good faith consistent with the provisions of this Protective Order and the rulings of the Court.

7. Specific documents and discovery responses produced shall be designated "Highly Confidential – Restricted Information" by marking the pages of the document that contain confidential information as follows: "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

8. Moreover, discovery materials produced by the parties shall be redacted to the extent those materials contain the names and/or any other identifying information for patients of

the Clinic or students at FDU. Such identifying information includes, but is not limited to: name, social security number, address, date of birth, etc. These redactions shall be described in an appropriate log by the party making the redaction.

9. Information disclosed at a deposition taken in connection with this action may be designated as "Highly Confidential-Restricted Information" by designating portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of a parties' receipt of the transcript of the deposition. Designation of the transcript will apply to audio, video, or other recordings of testimony. The court reporter shall clearly mark any transcript released prior to the 30-day period as "Highly Confidential-Restricted Information." Such transcripts shall be treated as Highly Confidential-Restricted Information and shall be fully subject to this Protective Order until the expiration of the 30-days after the transcript was circulated by the court reporter. If the deposition transcript contains any identifying information for either patients at the Clinic or students at FDU, that information shall be redacted as indicated in paragraph 8 and those pages shall be marked "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

10. All parties shall otherwise keep the names or other identifying information of patients at the Center or students at FDU confidential both during the pendency of this proceeding and after its termination.

11. A party in this action may designate as "Highly Confidential-Restricted Information" any document or information produced, or testimony given, by any other person or entity that the party reasonably believes qualifies as Highly Confidential information pursuant to the Protective Order. The party designating information as Highly Confidential shall designate such information within thirty (30) days of receipt.

12. In the event that this matter proceeds to trial, the parties shall confer and agree upon a method for referring to current or former patients at the Clinic or current or former students at FDU during the pendency of that proceeding.

**Permissible Disclosure**

13. Parties to this action, or any other party receiving "Highly Confidential-Restricted Information," may disclose this information only to the following people:

   a. Counsel for all parties, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel who are working on this action under the direction of such counsel;

   b. Stenographic employees, court reporters and videographers recording or transcribing testimony in this action;

   c. the Court; and

   d. a witness at a deposition, provided that he or she agrees to be bound by the terms of the protective order and signs the Endorsement of Protective Order attached hereto as Exhibit A.

14. All persons given access to Highly Confidential information shall (a) read and agree to be bound by this Order, (b) take all appropriate steps to prevent the disclosure of Highly Confidential information, and (c) consent to this Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order.

**Filing Papers in Court Records**

15. The parties will use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Highly Confidential – Restricted Information: any such material shall be filed in a sealed envelope,

labeled with the case name, case number, the motion to which the documents relate, and a listing of the titles of the documents in the envelope, and shall bear the legend: THIS DOCUMENT CONTAINS HIGHLY CONFIDENTIAL – RESTRICTED INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. Such documents shall be kept under seal until further order of the Court; however, such materials shall be available to the Court and counsel of record, and to all persons entitled to receive such information under the terms of this Order.

**Miscellaneous Provisions**

16. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

17. Highly Confidential - Restricted Information shall not be disclosed to anyone except as provided herein. Any use of Highly Confidential – Restricted Information other than as permitted herein will be deemed a violation of this Protective Order, and may be subject to sanctions or other applicable penalties under the law.

| | |
|---|---|
| **LOWENSTEIN SANDLER PC**<br>65 Livingston Ave.<br>Roseland, New Jersey | **AROMANDO, LIGHT & CROFT, LLC**<br>195 Fairfield Avenue, Suite 4D<br>West Caldwell, New Jersey 07006 |
| /s/ Nicole Bearce Albano<br>Nicole Bearce Albano, Esq. | /s/ Benjamin D. Light<br>Benjamin D. Light, Esq. |

**SO ORDERED** this 27 day of January, 2010

_____
Hon. Madeline Cox Arleo U.S.M.J.

## ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that materials designated as Highly Confidential - Restricted Information are provided to me subject to the Stipulated Protective Order dated _____, 2010, in the action captioned *Mehta v. Fairleigh Dickinson University and Robert McGrath,* No. 09-455 (SDW); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any discovery materials or any information or documents designated as Highly Confidential – Restricted Information pursuant to the Order.

I further agree that except as otherwise provided in this Order, I shall not disclose to others, except in accord with the Order, any Highly Confidential - Restricted Information, in any form whatsoever, and that such Highly Confidential – Restricted Information may be used only for the purposes authorized by the Order. I further agree that except as otherwise provided in the Order, Highly Confidential – Restricted Information shall be used only in connection with and for the purpose of this Action.

I further agree to return all copies of any Highly Confidential - Restricted Information I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this action.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Highly Confidential – Restricted Information will continue even after this action concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of New Jersey, for the purposes of any proceedings relating to enforcement of the Order. I further agree to be

bound by and to comply with the terms of the Order as soon as I sign this Endorsement of Protective Order, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

_____
Print Name